IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO.   3:14-3922-TLW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| GS2 ENGINEERING & | ) | |
| ENVIRONMENTAL CONSULTING, INC., | ) | |
| and GEORGE A. SEMBOS, | ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

The United States of America, by undersigned counsel, alleges as follows:

1.  This action is brought by the United States of America to enjoin defendants GS2 Engineering & Environmental Consulting, Inc. (hereinafter "GS2 Engineering") and George A. Sembos from violating and interfering with the administration of the internal revenue laws by failing to timely report and pay over federal employment and unemployment taxes.

2.  Specifically, the United States seeks to permanently enjoin George A. Sembos, individually, and his business, GS2 Engineering, from:

    a.  Failing to pay over to the Internal Revenue Service ("IRS") federal taxes withheld from employee wages,

    b.  Failing to make timely federal employment and unemployment tax deposits and payments to the IRS,

    c.  Failing to file timely federal employment and unemployment tax returns,

    d. Assigning any property or making any disbursements until all required taxes that accrue after the injunction are paid to the IRS,

    e. Owning or operating any new or unknown company or business within five years from the date of an order in this matter without notifying the IRS, and

    f. Failing to notify the IRS of Sembos' and GS2 Engineering's future employment tax conduct.

3. This action is authorized by the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, and is brought at the direction of the Attorney General of the United States of America, in accordance with 26 U.S.C. § 7401.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. § 7402.

5. This Court is a proper venue for adjudicating this civil action pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the United States' claims occurred within the jurisdiction of this Court. Venue is also proper under 28 U.S.C. § 1396 because the liabilities at issue accrued and continue to accrue in this district.

6. GS2 Engineering is a domestic company incorporated in the state of South Carolina with its principal place of business in Columbia, South Carolina.

7. George A. Sembos resides in West Columbia, South Carolina. Sembos owns and operates GS2 Engineering. Sembos is also the president of GS2 Engineering.

## ALLEGATIONS

**GS2 Engineering Tax Liabilities**

8.  In 1998, Sembos incorporated GS2 Engineering (EIN XX-XXXX952) in South Carolina as a domestic company. GS2 Engineering provides consulting and design services in the geotechnical, environmental and construction materials testing fields. GS2 Engineering has seven offices and field testing offices located in the state of South Carolina. *See* http://www.gs2engineering.com.

9.  As an employer, GS2 Engineering is required by law to withhold from employees' wages federal income and Federal Insurance Contributions Act ("FICA") taxes, and to pay over to the IRS those withholdings, along with the employer's own FICA and Federal Unemployment Tax Act ("FUTA") taxes (collectively "employment taxes"). 26 U.S.C. §§ 3102, 3111, 3301, and 3402.

10. GS2 Engineering is also required by law to make periodic deposits of withheld income and FICA taxes and the employer's share of employment taxes (collectively "federal tax deposits") in an appropriate federal depository bank in accordance with the federal deposit regulations. 26 U.S.C. §§ 6302, 6157; 26 CFR §§ 31.6302-1, 31.6302(c)-1, and 31.6302(c)-3.

11. As an employer, GS2 Engineering is required by law to file with the IRS Employer's Quarterly Federal Tax Returns (IRS Forms 941) and annual FUTA Tax Returns (IRS Forms 940) (collectively "employment tax returns"). 26 U.S.C. § 6011; 26 C.F.R. § 31.6071(a)-1.

12. Sembos is responsible for ensuring that GS2 Engineering makes the federal tax deposits as required by law and files the required employment tax returns.

13. Since September 2008, GS2 Engineering has incurred employment tax liabilities and has consistently failed to meet its obligations to make federal employment tax deposits, pay over employment taxes to the United States, and file timely employment tax returns.

14. On the dates and in the amounts listed in the table below, a delegate of the Secretary of the Treasury assessed against GS2 Engineering Form 941 taxes, plus penalties and interest, for the indicated tax periods:

| Tax Period | Date of Assessment | Tax (in dollars) | Interest (in dollars) | Penalties* (in dollars) | Balance Due as of July 1, 2014 (in dollars) |
|---|---|---|---|---|---|
| 9/30/2008 | 2/16/2009 | 165,709.29 | 2,746.29 | 16,570.92 (TD) | 149,265.69 |
| | 3/23/2009 | | | 8,285.46 (TD) | |
| | 11/5/2012 | | | 38,113.14 (FTP) | |
| 12/31/2008 | 4/13/2009 | 211,202.95 | 2,017.31 | 21,120.24 (TD) | 226,171.48 |
| | | | | 3,168.04 (FTP) | |
| | 5/18/2009 | | | 10,560.15 (TD) | |
| | 11/5/2012 | | | 47,674.14 (FTP) | |
| 3/31/2009 | 7/27/2009 | 172,849.34 | 830.06 | 8,566.23 (TD) | 139,047.56 |
| | | | | 1,284.94 (FTP) | |
| | 8/31/2009 | | | 4,283.12 (TD) | |
| 12/31/2010 | 4/4/2011 | 243,821.66 | 1,067.77 | 21,242.60 (TD) | 317,507.65 |
| | | | | 3,021.17 (FTP) | |
| | 5/9/2011 | | | 10,070.56 (TD) | |
| | 12/3/2012 | 5,437.77 | | 543.78 (TD) | |
| | 2/25/2013 | | | 271.89 (TD) | |
| 3/31/2011 | 12/26/2011 | 178,198.96 | 5,283.77 | 40,094.77 (LFP) | 314,104.96 |
| | | | | 17,818.80 (TD) | |
| | | | | 7,127.96 (FTP) | |
| | 1/30/2012 | | | 8,909.40 (TD) | |
| 6/30/2011 | 9/19/2011 | 178,198.75 | 979.06 | 1,781.99 (FTP) | 239,530.22 |
| 9/30/2011 | 1/9/2012 | 196,275.78 | 1,132.07 | 19,627.56 (TD) | 293,602.28 |
| | | | | 2,944.14 (FTP) | |
| | 2/13/2012 | | | 9,813.79 (TD) | |
| 12/31/2011 | 5/28/2012 | 125,582.20 | 887.98 | 1,827.38 (FTP) | 174,697.23 |
| | 9/10/2012 | | | 10,291.45 (TD) | |
| 3/31/2012 | 8/27/2012 | 138,447.03 | 1,277.41 | 10,756.74 (LFP) | 181,182.20 |
| | | | | 2,390.39 (FTP) | |
| | 12/10/2012 | | | 12,659.84 (TD) | |

4

| 9/30/2013 | 1/13/2014 | 45,675.91 | 118.63 | 4,483.66 (TD) | 26,679.46 |
|---|---|---|---|---|---|
| | | | | 283.67 (FTP) | |
| | 3/14/2014 | | | 945.58 (TD) | |
| *TD = Federal Tax-Deposit Penalty<br>FTP = Failure-to-Pay Penalty<br>LFP = Late-Filing Penalty | | | | | |

15. A delegate of the Secretary of the Treasury assessed against GS2 Engineering Form 940 taxes for the tax period ending December 31, 2011, as follows:

| Date of Assessment | Tax (in dollars) | Interest (in dollars) | Penalties* (in dollars) | Balance Due as of July 1, 2014 (in dollars) |
|---|---|---|---|---|
| 7/30/2012 | 14,191 | 240.73 | 1,915.78 (LFP) | 179,405.33 |
| | | | 1,419.08 (TD) | |
| | | | 425.73 (FTP) | |
| 9/3/2012 | | | 709.55 (TD) | |
| 4/7/2014 | 110,264.86 | | 11,026.49 (TD) | |
| | | | 16,539.73 (LFP) | |
| 6/2/2014 | | | 5,513.24 (TD) | |
| *TD = Federal Tax-Deposit Penalty<br>FTP = Failure-to-Pay Penalty<br>LFP = Late-Filing Penalty | | | | |

16. After taking into account all payments and credits, GS2 Engineering owes $2,241,194.06 as of July 1, 2014, for Form 940 and Form 941 taxes for the taxable periods ending September 30, 2008, through September 30, 2013.

17. Additionally, GS2 Engineering has failed to make federal tax deposits for its employment tax obligations for the last quarter of 2013 and the first two quarters of 2014.

**GS2 Consulting Tax Liabilities**

18. In April 2012, GS2 Engineering Consulting Companies, Inc. ("GS2 Consulting") (EIN XX-XXXXX259) was incorporated in the State of South Carolina by Shawn Etier. At the time of incorporation, Mr. Etier was an officer of GS2 Engineering.

19. GS2 Consulting's primary facility was the same facility as GS2 Engineering. During its operation, GS2 Consulting paid the wages of GS2 Engineering's employees. As GS2 Engineering previously failed to do, GS2 Consulting, during its brief existence, consistently failed to meet its obligations to make federal employment tax deposits and pay over employment taxes to the United States.

20. Sembos was responsible for ensuring that GS2 Consulting made the federal tax deposits as required by law and filed the required employment tax returns.

21. GS2 Consulting is no longer listed as an active company with the Secretary of State of South Carolina. Upon information and belief, GS2 Consulting is no longer operating.

22. On the dates and in the amounts listed in the table below, a delegate of the Secretary of the Treasury assessed against GS2 Consulting Form 941 taxes, plus penalties and interest, for the indicated tax periods:

| *Tax Period* | *Date of Assessment* | *Tax (in dollars)* | *Interest (in dollars)* | *Penalties\* (in dollars)* | *Balance Due as of July 1, 2014 (in dollars)* |
|---|---|---|---|---|---|
| 6/30/2012 | 10/1/2012 | 91,905.88 | 468.23 | 1,378.59 (FTP) | 95,791.50 |
| 9/30/2012 | 12/31/2012 | 97,943.20 | 490.92 | 9,794.32 (TD) | 137,474.61 |
|  |  |  |  | 979.43 (FTP) |  |
|  | 2/11/2013 |  |  | 4,897.16 (TD) |  |
| 12/31/2012 | 7/1/2013 | 95,389.91 | 1,405.63 | 17,170.18 (LFP) | 95,389.00 |
|  |  |  |  | 9,538.99 (TD) |  |
|  |  |  |  | 2,861.70 (FTP) |  |
|  | 8/5/2013 |  |  | 4,769.50 (TD) |  |
| *TD = Federal Tax-Deposit Penalty  FTP = Failure-to-Pay Penalty  LFP = Late-Filing Penalty | | | | | |

23. After taking into account all payments and credits, GS2 Consulting owes $328,655.11 as of July 1, 2014, for Form 941 taxes for the taxable periods ending June 30, 2012, through December 31, 2012.

**Additional Conduct Supporting Request for Injunctive Relief**

24. Sembos continues to provide engineering services through GS2 Engineering, and both have a long history of failing to timely pay employment tax obligations.

25. GS2 Engineering failed to timely pay its Form 941 taxes for tax periods ending March 31, 2005, through March 31, 2006, which totaled approximately $440,000 in February 2006. The IRS made repeated visits to GS2 Engineering in an effort to collect the outstanding tax liabilities. Sembos requested an installment agreement, but the IRS determined that GS2 Engineering had the ability to satisfy the taxes it owed. After GS2 Engineering and Sembos failed to respond to additional inquiries by the IRS, the IRS issued levies to various sources, and collected approximately $39,000.

26. In August 2006, the IRS held a CAP (Collection Appeals Program) hearing with Sembos, on behalf of GS2 Engineering, to discuss the rejected installment agreement. In September 2006, IRS Appeals granted GS2 Engineering a $30,000/month installment agreement to pay its outstanding employment taxes.

27. GS2 Engineering, however, failed to meet its obligations under the installment agreement and failed to pay its ongoing employment taxes.

28. In December 2008, GS2 Engineering requested a modified installment agreement. By that time, GS2 Engineering's unpaid employment tax liabilities were approximately $560,000. In June 2009, GS2 Engineering and the IRS agreed to

7

an installment agreement of $7,500/month increasing in November 2009 to $15,500/month.

29. In September 2009, GS2 Engineering requested a certificate of subordination of the federal tax lien for all accounts receivable, inventory and proceeds of GS2 Engineering. The request for subordination was rejected because GS2 Engineering was not current with its federal tax deposits for its employment taxes.

30. GS2 Engineering defaulted on the second installment agreement sometime in 2010. As a result of that default, GS2 Engineering's failure to pay its current employment taxes, and its failure to file all required returns, the IRS again attempted to collect on its outstanding employment tax obligations by issuing various levies in 2010.

31. In August 2010, GS2 Engineering requested another certificate of subordination for its accounts receivable. The IRS rejected this request because GS2 Engineering had failed to cure its default under the second installment agreement and continued to ignore employment taxes that were accruing.

32. In October 2010, GS2 Engineering requested a third certificate of subordination. In March 2011, the IRS approved GS2 Engineering's request for a subordination even though GS2 Engineering was not meeting its employment tax obligations.

33. In December 2011, GS2 Engineering requested a third installment agreement. This time GS2 Engineering proposed a $2,000/month payment on account of its unpaid employment taxes, which by that time had grown to $1.4 million. The IRS rejected this proposal in February 2012.

34. In May 2012, the IRS mailed GS2 Engineering a letter stating that GS2 was not in compliance with federal employment tax deposit requirements. This letter informed GS2 Engineering that continued noncompliance could result in further enforcement action, including seeking an injunction to compel compliance with internal revenue laws.

35. In April 2012, GS2 Consulting was incorporated by an officer of GS2 Engineering and operated out of the same facility of GS2 Engineering. GS2 Consulting paid the wages of GS2 Engineering's employees. GS2 Consulting failed to pay employment tax liabilities for the tax periods ending June 30, 2012, through December 31, 2012 (as GS2 Engineering had previously failed to do).

36. In July 2012, GS2 Engineering again requested a certificate of subordination. In August 2012, the IRS denied GS2 Engineering's subordination request because of the taxpayer's inability to remain current with federal tax deposit requirements.

37. In August 2012, GS2 Engineering submitted yet another installment agreement request in the amount of $5,000/month and then increasing to $14,000/month. Again, because GS2 Engineering was not in compliance with current employment tax deposits, the installment agreement was rejected.

38. In September 2012, an IRS Revenue Officer explained to the Power of Attorney for GS2 Engineering that if GS2 Engineering could not stay in compliance, the Revenue Officer would recommend possible civil injunction to compel compliance.

39. Since 2008, GS2 Engineering has consistently failed to meet its employment tax obligations to the United States. The IRS has attempted to work with GS2

        Engineering by agreeing to two installment agreements and subordinating a tax lien against GS2 Engineering's accounts receivables. GS2 Engineering, however, failed to make the payments required by the installment agreements that it requested and failed to meet its ongoing employment tax obligations. Despite demands for payment, GS2 Engineering continues to fail to make federal tax deposits in the face of mounting tax liabilities.

40. Because Sembos was a person who was required to collect, truthfully account for and pay over federal employment taxes of GS2 Engineering and GS2 Consulting, the IRS has assessed trust fund recovery penalties against Sembos pursuant to 26 U.S.C. §§ 6671 and 6672 for the trust fund portion of the employment taxes his companies failed to pay. Sembos has not satisfied those assessments and continues to allow GS2 Engineering to accrue additional employment tax liabilities.

### Injunction Under 26 U.S.C. § 7402(a)

41. 26 U.S.C. § 7402(a) authorizes a court to issue injunctions as may be necessary or appropriate for the enforcement of the internal revenue laws, even if the United States has other remedies available.

42. GS2 Engineering has substantially interfered with, and continues to substantially interfere with, the internal revenue laws by continually failing to pay employment tax obligations required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402, failing to make deposits as required by 26 U.S.C. §§ 6302, 6157, and failing to file returns as required by 26 U.S.C. § 6011. An injunction is appropriate and necessary to prevent continued violations.

43. Sembos, as the owner and operator of GS2 Engineering and the person responsible for its financial affairs, has substantially interfered with, and continues to substantially interfere with, the internal revenue laws by obstructing IRS efforts to collect those liabilities and continually failing to cause GS2 Engineering to pay its employment tax obligations required by 26 U.S.C. §§ 3102, 3111, 3301, and 3402, and failing to cause it to make employment tax deposits as required by 26 U.S.C. §§ 6302, 6157 and Treasury Regulation (26 C.F.R.) §§ 31.6302-1, 31.6302(c)-1, and 31.6302(c)-3. An injunction is appropriate and necessary to prevent continued violations.

44. Absent court intervention, the United States lacks an adequate legal remedy to prevent additional pyramiding of employment taxes owed by GS2 Engineering. Since 2008, GS2 Engineering has failed to comply with federal law by failing to pay current as well as delinquent taxes. The United States has suffered and will continue to suffer irreparable harm as a result of GS2 Engineering's and Sembos' violation of federal statutes, including but not limited to: (a) the loss of tax revenue, including the loss of the employees' FICA and income taxes for which the employees already have received credit; (b) the drain on limited IRS resources due to the extensive required oversight of defendants; and (c) the harm to the system as a whole when competitors see defendants' continued non-compliance with the very federal laws they are following.

45. The harm suffered by the United States as a result of continuing pyramiding outweighs the harm suffered by GS2 Engineering and/or Sembos of being forced

to comply with the law by timely paying employment tax obligations and filing employment tax returns.

46. An injunction in this case would serve the public good. As the efficacy of the federal income tax and Social Security system rely on employers to collect and remit income and FICA taxes paid by its employees, the pyramiding undermines the most vital cog in our system of tax collection. Additionally, by using the tax money for the business' own expenses, GS2 Engineering and Sembos exacts an involuntary subsidy on the taxpayers of the United States. An injunction would bring an end to this waste of taxpayer resources.

47. Furthermore, GS2 Engineering's and Sembos' obstruction and interference with internal revenue laws not only sends a poor message to a public comprised of compliant taxpayers, but provides GS2 Engineering and Sembos with a competitive advantage over business competitors who comply with internal revenue laws by paying the federal employment taxes that defendants eschew.

48. In the absence of an injunction backed by the Court's contempt powers, GS2 Engineering and Sembos are likely to continue to obstruct and interfere with the enforcement of the internal revenue laws by pyramiding taxes to the detriment of the United States.

WHEREFORE the plaintiff, United States of America, respectfully requests that the Court find that defendants George A. Sembos and GS2 Engineering have engaged in and are engaging in conduct interfering with the enforcement of the internal revenue laws, that injunctive relief under 26 U.S.C. § 7402(a) and that the Court's inherent equity

powers are appropriate to stop their conduct, and enter a permanent injunction pursuant to 26 U.S.C. § 7402 as follows:

    A.    Prohibiting Sembos (individually and doing business under any other name or using any other entity), GS2 Engineering, and their representatives, agents, servants, employees, attorneys, successors in interest and assigns, and anyone in active concert or participation with them, from failing to withhold and pay over to the IRS all employment taxes, including federal income, FICA, and FUTA taxes, required by law;

    B.    Requiring Sembos and GS2 Engineering to segregate and hold separate and apart from all other funds monies withheld from employees or collected from others for taxes under any internal revenue laws of the United States and to deposit the monies so withheld and collected, as well as the employer's share of FICA taxes, in an appropriate federal depository bank in accordance with the federal deposit regulations;

    C.    Requiring Sembos and GS2 Engineering to deposit FUTA taxes in an appropriate federal depository bank each quarter in accordance with the federal deposit regulations;

    D.    Requiring Sembos and GS2 Engineering, and any other individuals at GS2 Engineering who are responsible for carrying out the duties established under paragraphs (B) and (C), for a period of five years, to sign and deliver affidavits to the IRS Revenue Officer, or to such other specific location as the IRS may specify, on the first day of each month, stating that the requisite withheld income, FICA, and FUTA tax deposits were timely made;

E.    Requiring Sembos and GS2 Engineering to timely file all employment tax returns with the IRS at such a specific location as the IRS may specify;

F.    Requiring Sembos and GS2 Engineering to timely pay all required outstanding liabilities due on each tax return required to be filed;

G.    Prohibiting Sembos and GS2 Engineering and their representatives, agents, servants, employees, attorneys, successors-in-interest and assigns, and anyone in active concert or participation with them, in the event all required outstanding liabilities due on each employment tax return required to be filed going forward from the date of injunction are not timely paid, from assigning any property or rights to property or making any disbursements before paying the delinquent federal employment and unemployment taxes due;

H.    Requiring Sembos and GS2 Engineering to notify the IRS Revenue Officer or other specific person or office as the IRS may specify of their future employment tax conduct with respect to any new or presently unknown company, including the imposition of an affirmative duty upon GS2 Engineering and/or Sembos to notify the IRS of any new company that either of them may come to own, manage, or work for in the next five years;

I.    That this Court retain jurisdiction over this case to ensure compliance with this injunction; and

J.    That this Court grant the United States such other relief, including costs, as is just and equitable.

Respectfully submitted,

TAMARA W. ASHFORD
Acting Assistant Attorney General

MARA A. STRIER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 514-5886
Facsimile: (202) 514-9868
Email: mara.a.strier@usdoj.gov

- and -

WILLIAM N. NETTLES
United States Attorney
District of South Carolina

By: *s/ J. Douglas Barnett*
J. DOUGLAS BARNETT (#2144)
Assistant United States Attorney
1441 Main Street, Suite 500
Columbia, South Carolina 29201
Telephone: (803) 929-3000
Facsimile: (803) 252-2759
E-mail: doug.barnett@usdoj.gov

October 8, 2014

15